IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRUSH TECHNOLOGIES LLC,

Plaintiff,

v.

ZOOM VIDEO COMMUNICATIONS, INC.,

Defendant.

No. C 19-01841 WHA

**ORDER ON MOTION TO DISMISS**

Defendant Zoom Video Communications, Inc. has moved to dismiss as to all claims in each patent-in-suit based on Section 101 of Title 35 of the United States Code, which defines patent-eligible subject matter as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" (Dkt. No. 24).[1] Under well-established Supreme Court precedent, however, laws of nature, natural phenomena, and abstract ideas remain patent-ineligible under Section 101. *See, e.g.*, *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013) (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 70 (2012)).

To determine patent eligibility, the Supreme Court has established a two-step inquiry. "First, we determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). "The Supreme Court has not established a definitive rule to determine what constitutes an 'abstract idea' sufficient to

---

[1] The patents-in-suit are United States Patent Nos. 9,615,056 ("the '056 patent"), 9,185,347 ("the '347 patent"), and 10,182,205 ("the '205 patent").

satisfy the first step of the *Mayo/Alice* inquiry." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016). "We determine whether the claims 'focus on a specific means or method that improves the relevant technology' or are 'directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery.' " *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016) (quoting *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016)).

If the claims are directed to a patent-ineligible concept, then we determine whether the claims contain an "inventive concept," *i.e.*, "an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.' " *Alice*, 573 U.S. at 217–18 (quoting *Mayo*, 566 U.S. at 72–73) (alteration in original). "While the ultimate determination of eligibility under § 101 is a question of law, like many legal questions, there can be subsidiary fact questions which must be resolved en route to the ultimate legal determination." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). For example, claims contain an "inventive concept" when their limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.' " *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347–48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225) (alteration in original). "Whether the claim elements or the claimed combination are well-understood, routine, conventional is a question of fact." *Aatrix*, 882 F.3d at 1128. Dismissal at the motion to dismiss stage is appropriate "only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *Id.* at 1125.

On review of the parties' briefing and oral argument, the Court is of the view that proper resolution of the Section 101 issues is intertwined with issues of fact. The Court further finds that at this very early stage, little purpose would be served in working through every claim in the patents-in-suit (as the parties do not agree on representative claims) to assess whether or not each one satisfies *Alice/Mayo* step one. This is particularly true where, as here, the complaint neglects to specify which claims are infringed, but this shortfall is not criticized by the instant

2

motion to dismiss.[2] Conceivably, once the Court is in a position to rule on *Alice/Mayo* step two of whatever is asserted, it will be in a better position to assess step one as well.[3] Accordingly, the motion to dismiss is **DENIED** in its entirety without prejudice to renewal to a more developed factual record. Zoom's request for judicial notice (Dkt. No. 25) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: July 23, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] The complaint merely asserts that Zoom infringes "at least one claim" of each patent-in-suit (Dkt. No. 1 ¶¶ 64, 104, 134).

[3] *See, e.g.*, *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, No. C 18-00007 JRG, 2019 WL 1317286, at *7 (E.D. Tex. Mar. 21, 2019) (Judge Rodney Gilstrap) ("Courts often deny motions seeking dismissal on the pleadings without prejudice to refiling the motion in order to obtain a more complete understanding of the claimed invention. . . . The Court finds that the determination of whether Claim 1 of the '430 Patent is valid under § 101 would benefit from a fuller factual record. In particular, a more developed record would help the Court resolve the parties' dispute over whether the limitations set forth in Claim 1 of the '430 Patent constitute a non-abstract application, is unconventional, and whether the claimed invention relies on this arrangement, among other issues.") (collecting cases).