IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KRUSH TECHNOLOGIES LLC,

Plaintiff,

v.

ZOOM VIDEO COMMUNICATIONS, INC.,

Defendant.

No. C 19-01841 WHA

**ORDER DENYING MOTIONS TO FILE UNDER SEAL**

Both parties filed administrative motions to file under seal portions of their discovery letters and their attached exhibits (Dkt. Nos. 69, 72). Since the discovery letters bore no relation to the merits, only "good cause" is required to justify sealing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006).

Plaintiff's administrative motion and supporting declaration simply asserts, without further explanation, that the information sought to be filed under seal has been designated "Highly Confidential – Attorneys' Eyes Only" by defendant pursuant to this district's interim model protective order (*see* Dkt. Nos. 69-1 ¶ 3). In our district, however, mere "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). Nor did defendant, the designating party, file a supporting declaration, as required by Civil Local Rule 79-5(e)(1). Plaintiff's motion is thus **DENIED**. Plaintiff shall file an unredacted version of its documents on the public docket by **NOVEMBER 7 AT NOON**.

Defendant's motion to seal portions of its own discovery letter and exhibit and supporting declaration similarly cite its "Highly Confidential – Attorneys' Eyes Only" designation, but slightly elaborate further that the documents contain defendant's confidential technical material relating to its technology (Dkt. Nos. 72 at 2; 72-1 ¶ 3). But good cause requires a "particularized showing" that "specific prejudice or harm will result" if the documents are made public. *Kamakana*, 447 F.3d at 1180; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road, conclusory allegations of potential harm" are insufficient. *Foltz*, 331 F.3d at 1130–31. Here, mere assertion that the information at issue is confidential, by itself, fails to make a particularized showing of specific prejudice or harm resulting from disclosure. This is particularly true where defendant failed to seek redaction of similar information in connection with plaintiff's discovery letter. Accordingly, defendant's motion to seal is **DENIED**. Defendant shall file an unredacted version of its documents on the public docket by **NOVEMBER 7 AT NOON**.

**IT IS SO ORDERED.**

Dated: October 31, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE